UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **LeVar Joseph Dugger**, | ) C/A No. 4:07-1345-HMH-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Coastal State Prison; | ) |
| John Does 1 - 15; | ) |
| Patricia Clark; and | ) |
| Eric Fogam, | ) |
| Defendant(s). | ) |

This is a civil rights action filed *pro se* by a Georgia state prison inmate who was being temporarily housed for medical care in Columbia, South Carolina at the time this case was filed.[1] Plaintiff was placed in Columbia Care Center after he began experiencing severe diabetes-related foot problems while in custody at the Coastal State Prison in Garden City, Georgia. Garden City, Georgia is within the geographical area that comprises the Southern District of Georgia. All Defendants named in the Complaint are employees of the Coastal State Prison in Georgia. On September 9, 2007, from his state prison in Georgia where he is now incarcerated, Plaintiff filed a Motion to Substitute Party containing proposed proper names for the "John Does 1-15" originally listed as Defendants in this case. (Entry 8). No ruling is being made on this Motion.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387(4th Cir. 1990).

A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the person(s) of the defendant(s). Rule 4(e) Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) *pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State*; or
> >
> > (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(emphasis added).  Under the applicable South Carolina long-arm statute, S.C. Code Ann. § 36-2-803 ("Personal jurisdiction based upon conduct"), nonresidents may be served and subjected to state court jurisdiction only where certain limited types of facts are presented in a case.[2]  None of those types of facts are presented in this case.

Assuming Plaintiff's allegations about the nature of the medical care he received at the Coastal State Prison to be true, Plaintiff's Complaint fails to reveal any basis for this Court to obtain personal jurisdiction over any of the Defendants.  Accordingly, this case is not properly brought in this federal district court and it should be transferred to the appropriate federal district court.  As stated Plaintiff, a Georgia state prisoner, was only temporarily housed in South Carolina when he filed this case.  He is now back in Georgia and is suing a Georgia state prison and many of its employees under federal question jurisdiction (28 U.S.C.

---

[2] Section 36-2-803 states in pertinent part:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

>> (a) transacting any business in this State;
>> (b) contracting to supply services or things in the State;
>> (c) commission of a tortious act in whole or in part in this State;
>> (d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
>> (e) having an interest in, using, or possessing real property in this State; or
>> (f) contracting to insure any person, property or risk located within this State at the time of contracting; or
>> (g) entry into a contract to be performed in whole or in part by either party in this State; or
>> (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him. . . .

§ 1331; 42 U.S.C. § 1983) for alleged medical indifference and other medical problems that allegedly occurred while Plaintiff was housed in Georgia at the state prison before he was sent to Columbia Care Center. Plaintiff does not allege that any of the problems he experienced with medical care for his diabetes took place in South Carolina, nor does he sue any South Carolina resident. Furthermore, given Plaintiff's obviously temporary status in this state and the lack of personal contacts of Defendants with this state, there is no basis for this Court to exercise diversity jurisdiction over Plaintiff's Complaint even if Plaintiff had requested that the Court do so, which he has not. *See Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986); *Clyde by Clyde v. Ludwig Hardware Store, Inc.*, 815 F.Supp. 688, 690 (S.D. N.Y. 1993); *Mitchavi v. N. Y. Daily News*, No. 4:CV-06-0628, 2006 WL 2715176 (M.D. Pa. Sept. 22, 2006).

In short, it is clear that the federal court in the Southern District of Georgia is the proper forum in which to adjudicate the claims raised in this Complaint against Defendants who are all located in the Southern District of Georgia. As a result, the interests of justice require this Court to transfer this case to the United States District Court that can obtain personal jurisdiction over Defendants and thereby avoid any procedural complications that may be wrought by dismissal of the case for lack of jurisdiction. *See Robbins v. Yutopian Enters.*, 202 F. Supp.2d 426, 430-31 (D. Md. 2002); *see also Robertson v. Northcutt*, No. 87-1730, 1988 WL 67575, *2 (4th Cir. June 23, 1988)(statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal). Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962); *Dubin v. U. S.*, 380 F.2d 813, 815 (5th Cir. 1967). No rulings on Plaintiff's financial status, on pending Motions, or on the merits of this case have been made in connection with this recommendation for transfer as such rulings are more appropriately within the authority of the United States District Court for the Southern District of Georgia to make. *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3827, at 268-74 (1986).

## **Recommendation**

Accordingly, it is the recommendation of the undersigned that this case, including all pending Motions, be transferred in the interests of justice to the United States District Court for the Southern District of Georgia for further handling.  *See* 28 U.S.C. § 1406(a); see also *Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988); *Glaxo Inc. v. Genpharm Pharmaceuticals, Inc.*,796 F. Supp. 872, 877 (E.D.N.C. 1992).

Plaintiff's attention is directed to the important notice on the following page.

Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 24, 2007
Florence, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).